## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOHN IVAN SUTTER, M.D., on behalf of himself
and all others similarly situated,

      Plaintiff,

vs.

OXFORD HEALTH PLANS, INC.,

      Defendant.

Civil Action No. _____

**NOTICE OF REMOVAL**

Defendant Oxford Health Plans LLC, formerly known as Oxford Health Plans, Inc.

("Oxford"), hereby removes to this Court the action commenced by the Verified Complaint (the

"Complaint") attached hereto as Exhibit "1." In support of its removal, Oxford states as follows:

1.      On or about September 8, 2010, plaintiff John Ivan Sutter, M.D. ("Sutter"),

commenced an action in the Superior Court of New Jersey Law Division, Essex County, entitled,

*John Ivan Sutter, M.D., P.A., on behalf of himself and all others similarly situated v. Oxford*

*Health Plans, Inc.*, Docket No. L-7281-10 (the "State Court Action"). In the State Court Action,

Sutter seeks vacatur of a procedural order entered by an arbitrator in the parties' ongoing

American Arbitration Association ("AAA") arbitration proceedings. *See* Exhibit 1 (Complaint)

at ¶ 4.

2.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). On or

about September 15, 2010, counsel for Oxford was served, via e-mail and Federal Express, with

copies of:

    (a)      plaintiff's Complaint, *see* Exhibit 1;

ME1 10631814v.1

(b)     a Brief in Support of Plaintiff Class' Order to Show Cause Requesting Vacatur of Arbitrator's Award, filed on or about September 7, 2010 (the "Motion to Vacate," a copy of which is attached hereto as Exhibit "2");

(c)     an Order to Show Cause Summary Action, entered *ex parte* on or about September 10, 2010 (a copy of which is attached hereto as Exhibit "3");

(d)     a Document Identifying Certification of Eric D. Katz and exhibits (the "Katz Certification," a copy of which is attached hereto as Exhibit "4"); and

(e)     a proposed Order and Judgment Vacating American Arbitration Association Procedural Order No. 19 and Ordering the Inclusion of the Prompt Payment "Waiver" Regulation as Part of the Prompt Pay Claims of the Claimant Class (a copy of which is attached hereto as Exhibit "5").

A copy of plaintiff's certification of service of Exhibits 1-5 is attached hereto as Exhibit "6." This Notice of Removal is being filed within thirty (30) days of Oxford's receipt through service or otherwise of Exhibits 1-5 (including the Complaint). Exhibits 1-6 are all of the process, pleadings, and orders served upon Oxford in the State Court Action.

3.     This action is removable to this Court pursuant to 28 U.S.C. § 1446(a) in that the United States District Court for the District of New Jersey embraces the location where the State Court Action was pending.

4.     This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), and, therefore, it may be removed to this Court pursuant to 28 U.S.C. § 1441.

5.     As amended, Section 1332(d) provides that the United States District Courts have original jurisdiction over any class action: (i) where at least one member of the plaintiff class is a citizen of a State different from any defendant, and (ii) in which the amount in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A). In the present case, as set forth below, there is complete diversity between Sutter and Oxford and the amount in controversy exceeds $5,000,000 in the aggregate.

ME1 10631814v.1

6.      According to the Complaint, Sutter is a citizen of the State of New Jersey and a class representative in a class arbitration pending before the AAA entitled, *Sutter, M.D. v. Oxford Health Plans, Inc.*, Case No. 18 193 20593 02.  *See* Exhibit 1 (Complaint) at 1, ¶ 1. Sutter purports to have filed the Complaint on behalf of a statewide class comprised of "over 20,000 New Jersey physicians that have signed an Oxford New Jersey provider agreement with Oxford Health Plans (NJ) … during the class period of December 11, 1996 through December 31, 2004."  *Id.* at ¶ 2.

7.      Oxford – formerly a Delaware corporation[1] – is a limited liability company with its corporate headquarters in Connecticut.  *See, e.g.*, Exhibit 4 (Katz Certification) at Exhibit A, ¶ 8 (Amended Complaint and Jury Demand identifying Oxford's corporate headquarters in Trumbull, Connecticut); *id.* at Exhibit D (Demand for Arbitration identifying Oxford's business address in Trumbull, Connecticut).  As a limited liability company, Oxford's citizenship for purposes of 28 U.S.C. § 1332 is determined by the citizenship of its sole member, UnitedHealth Group Incorporated ("UHG").  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).  UHG is a Minnesota corporation with its principal place of business in Minnesota.[2] In a previously-filed – and still-pending – federal court action arising out of the same arbitration between these same parties, this Court determined that diversity jurisdiction exists.  *See, e.g.*, Opinion entered October 28, 2005 in *Sutter v. Oxford Health Plans, LLC*, United States District Court for the District of New Jersey, Case No. 2:05-cv-02198-JAG-MCA (the "Opinion"), a

---

[1] *See, e.g.*, Oxford Health Plans, Inc., Amendment to Annual Report (Form 10-K/A), at 1 (Feb. 4, 2004), available at:   http://www.sec.gov/Archives/edgar/data/865084/000119312504073713/d10ka.htm (last accessed Sept. 22, 2010) (identifying Delaware as Oxford Health Plans, Inc.'s state of incorporation and 48 Monroe Turnpike, Trumbull, Connecticut as the address of Oxford Health Plans, Inc.'s principal executive offices).

[2] *See, e.g.*, UnitedHealth Group Incorporated, Annual Report (Form 10-K), at 1 (Feb. 10, 2010), available at http://www.sec.gov/Archives/edgar/data/731766/000119312510027229/d10k.htm (last accessed Sept. 22, 2010) (identifying Minnesota as UnitedHealth Group Incorporated's state of incorporation and 9900 Bren Road East, Minnetonka, Minnesota as the address of UnitedHealth Group Incorporated's principal executive offices).

copy of which is attached hereto as Exhibit "7" ("The parties do not dispute that they are of diverse citizenship; Sutter is a citizen of New Jersey and Oxford is a citizen of Minnesota.").

8.      Although the Complaint does not specify the exact amount of damages sought by the Class, the amount in controversy exceeds, in the aggregate, $5,000,000.  Indeed, in the Motion to Vacate, Sutter asserts that the procedural order sought to be reviewed in this matter "prohibit[ed] the Class from seeking *many millions of dollars in damages* …."  Exhibit 2, Mot. to Vacate, at 1 (emphasis added).  In addition, in this Court's Opinion in the pending federal action, it noted that "[a]s Sutter has not questioned Oxford's $5,000,000 figure, and this Court discerns no basis to conclude to a legal certainty that the claim is really for less than $75,000, the amount in controversy requirement of § 1332(a) is satisfied."  Exhibit 7 (Opinion) at 5.

9.      In sum, this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds (in the aggregate) the sum value of $5,000,000, exclusive of interest and costs, and one or more members of the plaintiff class is a citizen of a different State than Oxford.

10.      In the alternative, this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the claims of some identifiable members of the certified class (who are citizens of New Jersey) exceed $75,000, and the Court has supplemental jurisdiction over the claims of the other class members, which are alleged to arise out of the same common nucleus of operative facts.  *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

## CONCLUSION

FOR THE FOREGOING REASONS, Oxford Health Plans LLC respectfully removes the State Court Action to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 & 1446.  As

ME1 10631814v.1

required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk

of the Superior Court of New Jersey, Law Division, Essex County, and written notice of the

filing of this Notice of Removal is being given to counsel for Sutter.


Dated:          September 23, 2010          Respectfully submitted,


                                            /s/ Adam N. Saravay_____
                                            Adam N. Saravay
                                            asaravay@mccarter.com
                                            McCARTER & ENGLISH, LLP
                                            Four Gateway Center
                                            100 Mulberry Street
                                            Newark, NJ  07102
                                            Tel.: 973-622-4444

                                            *Counsel for Defendant Oxford Health Plans LLC*

ME1 10631814v.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of September, 2010, a copy of the

foregoing was furnished via U.S. Mail and e-mail to the following:

> Eric Katz, Esq.
> MAZIE SLATER KATZ & FREEMAN, LLC
> 103 Eisenhower Parkway
> Roseland, New Jersey 07068
> Tel:  (973) 228-9898
> Fax: (973) 228-0303


> By:     /s/ Adam N. Saravay_____
>         Adam N. Saravay
>         asaravay@mccarter.com
>         McCARTER & ENGLISH, LLP
>         Four Gateway Center
>         100 Mulberry Street
>         Newark, NJ  07102
>         Tel.: 973-622-4444
>
>         *Counsel for Oxford Health Plans LLC*

6

ME1 10631814v.1