NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JOHN IVAN SUTTER, M.D., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. No. 10-4903 (GEB) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| OXFORD HEALTH PLANS, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**BROWN, Chief Judge**:

   This matter comes before the Court upon the motion of Plaintiff John Ivan Sutter, M.D. ("Plaintiff") to vacate an order issued by Arbitrator William Barrett ("Arbitrator") in Plaintiff's underlying arbitration with Defendant Oxford Health Plans, LLC ("Defendant"). (Doc. No. 21) Defendant opposes Plaintiff's present motion. (Doc. No. 22) The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, Plaintiff's present motion will be denied for the reasons that follow.

**I.   BACKGROUND**

   The instant dispute arises out of a certified class arbitration (the "Arbitration") brought by Plaintiff on behalf of various New Jersey physicians that generally seek redress from Defendant for improper claim processing practices. In the course of the Arbitration, the Arbitrator issued Procedural Order No. 19 (the "Order"). In the present motion, Plaintiff argues that the Arbitrator's Order should be vacated by this Court. In support of that motion, Plaintiff argues that the Arbitrator exceeded his powers and manifestly disregarded New Jersey law in the Order

by failing to apply New Jersey's prompt payment "waiver" regulation to the claims and denying "millions of dollars" to the class represented by Plaintiff. Defendant opposes Plaintiff's motion and argues that the Order simply resolved a discovery dispute, and thus, is not reviewable by this Court. Alternately, Defendant argues that, if the Order is reviewable, it should not be vacated.

## II.     DISCUSSION

### A. The Order Is Not Reviewable

At the outset, the Court agrees with Defendant's argument at the Order is not reviewable pursuant to the terms of the Federal Arbitration Act (FAA). 9 U.S.C. § 9. Here, Plaintiff argues that the Order is a "partial final determination of the arbitration award," which would be reviewable. According to the relevant provisions of the FAA, in 9 U.S.C. § 16, an appeal may only be taken from the following: (1) an order confirming or denying confirmation of an award or partial award, or (2) an order modifying, correcting, or vacating an award. Here, Procedural Order No. 19 simply resolved a dispute as to whether Plaintiff's or Defendant's schedule for discovery was appropriate. Therefore, it is not reviewable or appealable. Although Plaintiff contends that the Order is in fact a partial determination of the class's award, that argument is specious and not persuasive. The Order does not modify or in any way mention the final award, but rather excludes claims that the Plaintiff sought to submit to arbitration despite the Arbitrator's frequent rulings that such claims were inadmissible.

### B. The Order Should Not Be Vacated

Alternately, assuming *arguendo* the Order is reviewable, the Court concludes that vacature is not appropriate. It is well established that the entry of judgment by a federal district court on an arbitration award is governed by Section 9 of the Federal Arbitration Act (FAA).

That section provides, in relevant part, that:

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration…then at any time within one year after the award is made any party to the arbitration may apply to [a] court…for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Section 10 of the FAA, in turn, provides that the district court may only vacate an arbitrator's award:

> (1) where [it] was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators…; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

From these provisions, courts have recognized that "[d]istrict courts have very little authority to upset arbitrators' awards." *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995). "[C]ourts are not authorized to reconsider the merits of an arbitrator's award." *United Parcel Serv., Inc. v. Int'l Blvd. of Teamsters, Chauffeurs, Warehousemen, & Helpers, Local Union No. 430*, 55 F.3d 138, 141 (3d Cir. 1995); *see also Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 261 F. Supp. 832, 835 (D.N.J. 1966), *aff'd* 397 F.2d 594 (3d Cir. 1968). "It is [] not the role of a court to correct factual or legal errors made by an arbitrator." *Brentwood Med. Assocs. V. United Mine Workers of Am.*, 396 F.3d 237, 240 (3d Cir. 2005). In other words, "courts have no business overruling [an arbitration award] because their

interpretation of the contract is different from [the arbitrator's interpretation]." *United Steelworkers of Am. V. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599 (1960). "Only when an arbitrator 'acted in manifest disregard of the law, or if the record before the arbitrator reveals no support whatsoever for the arbitrator's determination,' may a district court invade the province of the arbitrator." *United Transp. Union Local 1589*, 514 F.3d at 380 (quoting *United Indus. Workers v. Gov't of the V.I.*, 987 F.2d 162, 170 (3d Cir. 1993); *see also News Am. Publ'ns, Inc. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990) ("[O]nly where there is a manifest disregard of the agreement, totally unsupported by the principles of contract construction and the law of the shop, may a reviewing court disturb the award.") (internal quotation omitted).

In order to meet the standard for "manifest disregard of the law," a two-fold showing is required. *Liberty Mut. Ins. Co. v. Open MRI of Morris & Essex, L.P.*, 356 N.J. Super. 567, 582 (Law Div. 2002). The arbitrator must have known the correct law but, nevertheless, made a conscious decision to ignore it in fashioning the award. *Id.* at 584. The award must be an obvious, blatant and gross misapplication of the law, not merely an erroneous conclusion. *Id* at 584. The interpretation need only be "rationally derived either from the agreement between the parties or from the parties' submissions to the arbitrator," without reference to any particular state's law. *Mutual Fire, Marine, & Inland Insurance, Co. V. Norad Reinsurance Co.*, 868 F.2d 52, 56 (3d Cir. 1989). However, the contract between Plaintiff and Defendant called for the application of New Jersey law (*See* Katz Cert. Exhibit B). An arbitrator exceeds his power if an arbitration agreement calls for the application of New Jersey law, and the arbitrator fails to apply New Jersey law when fashioning an award. *Kadi v. Massotto*, 2008 WL 4830951 at *8 (App. Div., Nov. 10, 2008).

In support of the present motion, Plaintiff argues that the Arbitrator erred in his application of the New Jersey prompt payment statute. The statute provides, in relevant part, that a "clean" insurance claim (a claim for an enrolled patient who underwent a covered procedure containing all of the information required for processing) that is neither accepted nor denied by an insurance company withing 30-40 days will be deemed overdue. N.J.A.C.11:22-1.6(b). The insurance company waives its right to object to the claim for any reason. *Id*. Here, Plaintiff argues that he has always contended that the "waiver" provision applied only to "clean" claims, and that the Arbitrator agreed. Therefore, Plaintiff contends that the Arbitrator exceeded his powers in ruling against him in Procedural Order Number 19, and thus the procedural order should be vacated. Defendant argues that Plaintiff's class of "clean" claims was overbroad, because it applied to all claims containing the required processing information, regardless of whether the particular service or patient was covered. Defendant argues that the Arbitrator was correct in issuing Procedural Order Number 19, and the order should not be vacated.

Given the highly deferential standard applicable in the arbitration context, Plaintiff has not shown that the Arbitrator manifestly disregarded New Jersey law in issuing Procedural Order Number 19. Clearly, the Arbitrator extensively considered New Jersey precedent, as well as the waiver statute, in determining that class arbitration was appropriate and deciding which claims were appropriate for arbitration. The Arbitrator did not agree with Plaintiff's assertedly overbroad definition of "clean" claims when he issued the Order, which addressed schedule for discovery in the Arbitration. This does not make the order irrational or show that the Arbitrator manifestly disregarded the law. Indeed, even if the Court were to determine that another reasonable decision-

5

maker could have decided the underlying matter differently, the highly deferential standard of review is not satisfied. As such, Plaintiff's motion to vacate will be denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate the Arbitrator's Order will be denied. (Doc. No. 21). In light of that decision, the Court will order the Clerk of the Court to CLOSE this case. An appropriate form of order accompanies this memorandum opinion.

Dated: July 5, 2011

                                        /s/ Garrett E. Brown, Jr.
                                    GARRETT E. BROWN, JR., U.S.D.J.